NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMON WILLIAMS,

                    Petitioner-Appellant,

    v.

JOHN CHAU, Physician; et al.,

                    Defendants-Appellees.

No. 20-55875

D.C. No. 3:17-cv-00517-CAB-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted November 8, 2021 [**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

    Damon Williams appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious

medical needs and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Williams failed to raise a genuine dispute of material fact as to whether defendant Chau was deliberately indifferent to Williams's complaints of dizziness. *See id.* at 1060-61 (a prison official acts with deliberate indifference only if he or she knows of and disregards a risk to the prisoner's health; medical malpractice, negligence or difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Williams's requests for entry of default because Chau did not fail to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a) (providing for entry of default when a defendant "has failed to plead or otherwise defend"); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (setting forth standard of review).

The district court did not abuse its discretion by denying Williams's requests for appointment of an expert under Federal Rule of Evidence 706 because such an appointment was not necessary for the court to make its determination. *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

The district court did not abuse its discretion by denying Williams's motion for reconsideration because Williams failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**